IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DERRELL K. JORDAN,<br><br>        Plaintiff,<br><br>vs.<br><br>APTIM GOVERNMENT SOLUTIONS, LLC,<br><br>        Defendant. | 8:23CV133<br><br>**FINDINGS AND RECOMMENDATION** |

Pending before the court is Plaintiff's Motion to Amend the Judgment, or, alternatively, Motion for Leave to File Amended Complaint. (Filing No. 27). For the reasons stated below, the undersigned magistrate judge recommends that the motion be granted in part and denied in part.

PROCEDURAL BACKGROUND

Plaintiff's initial Complaint named Aptim Government Solutions, LLC and Omaha Public Power District (OPPD) as defendants. It alleges Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2 and § 48-1104, and § 48-1114(1)(a) of the Nebraska Fair Employment Practices Act ("NFEPA"), were violated during the performance of his job as a crane operator at OPPD's site in Blair, Nebraska.

The Complaint includes a conclusory allegation that Plaintiff was "an employee or independent contractor with Defendant, OPPD" when he was subjected to racial harassment and abuse during his employment, and he was retaliated against after reporting this discriminatory conduct. (Filing No. 1 at CM/ECF p. 2). Plaintiff did not allege any facts to suggest OPPD was his actual

1

or de facto employer, or that Plaintiff was employed by both Aptim and OPPD, during the events alleged in the Complaint.

OPPD filed a motion to dismiss, (Filing No. 12), arguing the Complaint fails to include any factual basis for establishing that the requisite employment relationship existed between Plaintiff and OPPD. OPPD argued that since the Complaint contained no details to explain how OPPD acted as Plaintiff's employer, the Court was not bound to accept Plaintiff's conclusory allegation that OPPD was Plaintiff's employer when the alleged discriminatory actions occurred. (Filing No. 13, at CM/ECF p. 1). In response, Plaintiff's brief argued facts that were not alleged in the Complaint. Specifically, he argued he was employed by both Aptim and OPPD, explaining OPPD had supervisory control over him at the work site, was ultimately the entity that terminated him, and had authority to control his manner and means of working. (Filing No. 16, at CM/ECF p. 3). Plaintiff's brief did not request leave to amend the complaint as an alternative to dismissal.

On October 24, 2023, the court granted OPPD's Motion to Dismiss, concluding Plaintiff's Complaint did not contain sufficient facts to find that during the alleged discriminatory conduct, Plaintiff was an employee of OPPD within the meaning of Title VII and NFEPA. (Filing No. 21).

Plaintiff filed the pending motion on November 9, 2023. Citing Rules 59(e) and 60(b) as the basis of his request, Plaintiff seeks leave to file an amended complaint which includes facts explaining the employment relationship between Plaintiff and OPPD. The amended complaint also seeks to add a claim against OPPD under 42 U.S.C. § 1981.

2

OPPD opposes Plaintiff's motion to amend, arguing the proposed amended complaint fails to allege a claim under Title VII, NFEPA, 42 U.S.C. § 1981, or 42 U.S.C. § 1983. OPPD further argues Plaintiff's post-dismissal motion to amend must be denied because "Plaintiff cannot meet 'the stringent standards governing the grant of Rule 59(e) and Rule 60(b) relief.'" (Filing No. 31, at CM/ECF p. 11) (quoting *United States v. Mask of Ka-Nefer-Nefer*, 752 F.3d 737, 743 (8th Cir. 2014)).

ANALYSIS

A. Procedural basis for the motion: Rules 15, 59(e), and 60(b).

Plaintiff claims he is entitled to relief under Rules 59(e) and Rule 60(b), and he seeks leave to file an amended complaint under Rule 15. Under Rule 15, leave to amend a complaint should be liberally granted. However, if the motion to amend is filed after the court has entered a judgment of dismissal, the court may not ignore the considerations of Rule 15, but it applies the "stringent standards governing the grant of Rule 59(e) and Rule 60(b) relief" in deciding whether leave to amend can be granted. *United States v. Mask of Ka-Nefer-Nefer*, 752 F.3d 737, 743 (8th Cir. 2014). The court must first consider whether the order of dismissal was intended to be a final, appealable order dismissing the entire action. *In re SuperValu, Inc.*, 925 F.3d 955, 961 (8th Cir. 2019). Dismissing a complaint constitutes dismissal of the action if the order of dismissal states or clearly indicates that no amendment is possible—e.g., when the order expressly dismisses claims against a party "with prejudice," or when the order clearly implies that the court intends to dismiss the entire action. *Mountain Home Flight Serv., Inc. v. Baxter Cnty., Ark.*, 758 F.3d 1038, 1045–46 (8th Cir. 2014) (citing *Geier v. Missouri Ethics Comm'n*, 715 F.3d 674, 677 (8th Cir.2013)). If the order does not expressly or by clear implication dismiss the action, the order dismissed

3

only the complaint, not the action, and the party may amend under Rule 15(a) with the court's permission. Id.

Here, Judge Buescher's order does not state the claims against OPPD were dismissed "with prejudice." And since there were two named defendants, had he intended to enter a final appealable order dismissing Plaintiff's action against OPPD, his order would have stated there is no reason to delay entry of judgment in favor of OPPD while awaiting the outcome of the case against Aptim. Judgment would have been entered in favor of OPPD under Rule 54, thereby allowing Plaintiff to file an immediate appeal. Finally, Judge Buescher's order points out facts are recited in the brief which may assist in alleging an employer/employee relationship between Plaintiff and OPPD, but the court can consider only those facts within the complaint when ruling on a Rule 12(b)(6) motion. This reasoning anticipates rather than forecloses a proposed amended complaint which alleges the facts within Plaintiff's brief.

The court did not enter a judgment in favor of OPPD under Rule 54, and the court's dismissal order does not expressly or clearly imply that it is a final and appealable order. The court will therefore consider Plaintiff's motion to amend under the liberal standards of Rule 15, and not the stringent standards of Rules 59(e) and 60(b).

B. Substantive Consideration of Plaintiff's Proposed Amended Complaint

Plaintiff's proposed amended complaint includes facts explaining the employment relationship between Plaintiff and OPPD and it states Plaintiff is also seeking recovery against OPPD under 42 U.S.C § 1981. Defendant argues Plaintiff's motion to file a proposed amended complaint should be denied because the purported claims against OPPD are futile.

While leave to amend should be liberally granted under Rule 15, the court may deny a party leave to amend when there are compelling reasons to do so, such as "undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." Hammer v. City of Osage Beach, 318 F.3d 832, 844 (8th Cir. 2003) (quoting Becker v. Univ. of Nebraska, 191 F.3d 904, 907-08 (8th Cir. 1999)).

Here, OPPD objects to the motion to amend, arguing leave to file the proposed amended complaint would be futile. The court will deny leave to amend based on futility if Plaintiff's proposed amended complaint cannot withstand a Rule 12(b)(6) motion to dismiss. Ascente Bus. Consulting, LLC v. DR myCommerce, 9 F.4th 839, 844 (8th Cir. 2021) (quoting Munro v. Lucy Activewear, Inc., 899 F.3d 585, 589 (8th Cir. 2018)). Under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

1. Title VII and NFEPA claims.

To recover against OPPD under Title VII or NFEPA, Plaintiff must allege and prove he was employed by OPPD when subjected to alleged discriminatory and retaliatory conduct. Schwieger v. Farm Bureau Ins. Co. of NE, 207 F.3d 480, 484 (8th Cir. 2000). OPPD argues Plaintiff's motion to amend must be denied because the proposed amended complaint fails to adequately allege OPPD was Plaintiff's employer.

When deciding if an employment relationship existed, "[t]here is 'no shorthand formula or magic phrase that can be applied to find the answer. . . .'" Schwieger, 207 F.3d at 483 (quoting Nationwide Mut. Ins. Co. v. Darden, 503

5

U.S. 318, 323 (1992)). The primary consideration is right to control the manner and means by which a task is accomplished. Other relevant factors include:

- the skill required;
- the source of the instrumentalities and tools;
- the location of the work;
- the duration of the relationship between the parties;
- whether the hiring party has the right to assign additional projects to the hired party;
- the extent of the hired party's discretion over when and how long to work;
- the method of payment;
- the hired party's role in hiring and paying assistants;
- whether the work is part of the regular business of the hiring party;
- whether the hiring party is in business; the provision of employee benefits; and
- the tax treatment of the hired party.

Darden, 503 U.S. at 323–24. The court must consider all the incidents of Plaintiff's relationship with the defendant, with no one factor being decisive. Id.

Here, Plaintiff's proposed amended complaint alleges that when the alleged discriminatory conduct occurred, Plaintiff was working as an operating engineer journeyman for OPPD, operating cranes provided by OPPD to perform demolition work at OPPD's Fort Calhoun facility. Plaintiff alleges that while performing this work, both Aptim and OPPD supervised his work, participated in safety meetings and discussions regarding Plaintiff's work assignments, and required Plaintiff to confirm, in writing, his work assignments. Plaintiff alleges that his paycheck came from Aptim, but his work hours were documented on an

6

OPPD form and provided to OPPD. The proposed amended complaint alleges OPPD would, on occasion, contact Plaintiff on his days off to work at the Fort Calhoun station. Plaintiff claims OPPD made the decision to remove Plaintiff from the Fort Calhoun station and revoked Plaintiff's access to that site which, in turn, resulted in his employment termination. The proposed amended complaint alleges employees and supervisors of both Aptim and OPPD subjected Plaintiff to a pervasive environment of unwelcome, offensive, and harassing conduct based on race. ([Filing No. 27-1](#)).

OPPD argues that even if these facts are accepted as true, they do not sufficiently allege facts to support a finding that Plaintiff was an employee of OPPD for purposes of Title VII or the NFEPA during the alleged discriminatory conduct. ([Filing No. 31, at CM/ECF p. 4](#)). OPPD argues it monitored work and safety precautions for Plaintiff's work because the Fort Calhoun site is a heavily-regulated OPPD nuclear power plant, not because OPPD was Plaintiff's employer. OPPD argues the proposed amended complaint fails to sufficiently allege Plaintiff was employed by OPPD or that OPPD and Aptim were dual employers, noting Plaintiff does not allege OPPD maintained his employment records, had authority to hire or fire him, or controlled his work schedule and conditions, rate, and method of payment. ([Filing No. 31, at CM/ECF p. 5](#)).

The question currently before the court is whether Plaintiff has alleged a facially plausible claim that when the alleged discriminatory conduct occurred, OPPD was his employer, or Aptim and OPPD were his dual employers, for the purposes of Title VII and NFEPA. While Plaintiff has not alleged all the factors outlined in Darden, Plaintiff has alleged sufficient facts to support his claim that an employment relationship existed. The fact-intensive determination of whether that relationship actually existed must await a fully developed record following discovery.

7

2. Claim under 42 U.S.C. § 1981

Plaintiff's proposed amended complaint adds a claim against OPPD entitled "Unlawful Hostile Work Environment in Violation of 42 U.S.C. § 1981." OPPD argues Plaintiff's proposed amended complaint does not allege that OPPD's discriminatory conduct was the result of its official policy or custom, and there are insufficient factual allegations to support a hostile work environment claim. (Filing No. 31, at CM/ECF p. 5).

a. Policy or Custom

A plaintiff may pursue a § 1981 claim against a political subdivision only through 42 U.S.C. § 1983. Onyiah v. St. Cloud State Univ., 5 F.4th 926, 929 (8th Cir. 2021). "OPPD is a political subdivision as defined by Neb.Rev.Stat. § 13–903(1)." Schmidt v. Omaha Pub. Power Dist., 245 Neb. 776, 782, 515 N.W.2d 756, 761 (1994), abrogated on other grounds by A.W. v. Lancaster Cnty. Sch. Dist. 0001, 280 Neb. 205, 784 N.W.2d 907 (2010). See also Pilmaier v. Omaha Pub. Power Dist., No. 8:13CV349, 2014 WL 12575714, at *4 (D. Neb. Aug. 20, 2014) ("OPPD is a political subdivision created by the laws and constitution of Nebraska.") When seeking § 1983 recovery from a governmental entity, such as OPPD, the plaintiff must identify a governmental policy or custom that caused the plaintiff's injury. Brockinton v. City of Sherwood, Ark., 503 F.3d 667, 674 (8th Cir. 2007) (citing Monell v. Department of Soc. Servs., 436 U.S. 658, 694 (1978)). A governmental policy involves a deliberate choice to follow a course of action by an official who has the final authority to establish governmental policy. A governmental custom involves a pattern of persistent and widespread practices which have become so permanent and well settled that they have the effect and force of law. Id. at 674 (citing Doe v. Special Sch. Dist., 901 F.2d 642, 645 (8th Cir.1990)).

8

OPPD cannot be held liable under § 1983 for an alleged violation of § 1981 on the basis of respondeat superior, and Plaintiff's proposed amended complaint does not state that he was allegedly subjected to a hostile and racially discriminatory work environment due to an OPPD official policy or custom. Plaintiff's proposed amended complaint therefore fails to state a claim against OPPD for allegedly violating 42 U.S.C. § 1981. As to this claim, the motion to file the proposed amended complaint should be denied as futile.[1]

b. Hostile Work Environment in violation of 42 U.S.C. § 1981

OPPD argues that Plaintiff's proposed amended complaint fails to sufficiently allege an actionable claim against OPPD for causing or permitting a racially hostile work environment in violation of 42 U.S.C. § 1981.[2] While a plaintiff need not include detailed factual allegations, or specific facts that describe all the evidence to be presented, the complaint must include sufficient factual allegations to provide the grounds on which the claim rests. Warmington v. Bd. of Regents of Univ. of Minnesota, 998 F.3d 789, 795–96 (8th Cir. 2021).

OPPD argues Plaintiff's proposed amended complaint does not allege a hostile work environment claim because Plaintiff does not allege OPPD knew or

---

[1] The undersigned magistrate judge is filing this document as Findings and a Recommendation, not a Memorandum and Order, because an order denying leave to file a claim within a proposed amended pleading based on futility is, like a Rule 12(b)(6) motion, dispositive.

[2] From my reading, Plaintiff's proposed amended complaint also alleges a hostile work environment in violation of Title VII and NFEPA. (Filing No. 27-1, Counts 1 & 2). The Court applies "the same analysis to claims of discrimination under Title VII and 42 U.S.C. § 1981." Anderson v. Durham D&M, L.L.C., 606 F.3d 513, 520 (8th Cir. 2010). However, OPPD's brief does not appear to challenge the sufficiency of Plaintiff's proposed hostile work environment claim under Title VII and NFEPA.

9

should have known about the harassment and failed to take proper remedial action, (Filing No. 31, at CM/ECF p. 9). However, paragraph 11 of Count 1 (entitled "Discrimination and Harassment in Violation of Title VII of the Civil Rights Act of 1964 - Race"), is incorporated by reference into Count 3 ("Unlawful Hostile Work Environment in Violation of 42 U.S.C. § 1981). That paragraph states "Plaintiffs supervisors knew or should have known about the harassment, having been informed about the harassment, they participated in and/or encouraged the harassment or ignored the harassment after Plaintiffs complaints." (Filing No. 27-1, at CM/ECF pp. 3-4). Paragraph 11 sufficiently alleges OPPD had actual or constructive notice of the alleged harassing conduct and failed to adequately address it.

OPPD also argues that the proposed amended complaint lists only a few isolated incidents of racial harassment and does not sufficiently allege a claim of hostile work environment. Courts must "be alert for workplace behavior that does not rise to the level of actionable harassment." Al-Zubaidy v. TEK Indus., Inc., 406 F.3d 1030, 1038–39 (8th Cir. 2005). The conduct must be severe or pervasive enough to create an objectively hostile or abusive work environment. Simple teasing, offhand comments, and isolated incidents (unless extremely serious) of discrimination do not sufficiently impact conditions of the victim's employment. Conduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment is not sufficient to support a hostile work environment claim. Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 81 (1998). When assessing the sufficiency of allegations in a complaint, the court must apply the demanding harassment standards and "filter out complaints attacking the ordinary tribulations of the workplace," such as the sporadic use of abusive language, racial jokes, and occasional teasing. Al-Zubaidy, 406 F.3d at 1038–39.

Recited hereafter in its totality, Plaintiff's proposed amended complaint alleges Plaintiff was subjected to the following harassing conduct.

> While at the job site located in Blair, Nebraska, Plaintiff was subject to numerous instances of racial abuse and "jokes". One white co-worker, first name Allen, told Plaintiff, who is African American, the white co-worker needed to "adopt a black child because you couldn't buy them anymore." Later, the same employee reiterated this "joke" in the context of discussing black German chocolate cake. Despite bringing these instances to Plaintiff's supervisor, Chris Werthington with Defendant OPPD and Chris Loomis with Aptim, Plaintiff was still forced to work with this other employee. Another employee, last name Hargens, first name unknown, "joked" that "there are three things a black man can't have: 1) a sunburn, 2) a fat lip, and 3) a job."

(Filing No. 27-1, at CM/ECF p. 2-3).

While the conduct above is certainly offensive and inappropriate, the standards for a hostile environment are demanding, and the conduct must be extreme and not merely rude or unpleasant to affect the terms and conditions of employment. Blomker v. Jewell, 831 F.3d 1051, 1057 (8th Cir. 2016). The court considers the totality of the circumstances, "including the frequency and severity of the discriminatory conduct, whether such conduct was physically threatening or humiliating, as opposed to a mere offensive utterance, and whether the conduct unreasonably interfered with the employee's work performance." Id. (quoting Alvarez v. Des Moines Bolt Supply, Inc., 626 F.3d 410, 420 (8th Cir. 2010) (internal citations omitted)).

Accepting all the allegations as true, Plaintiff's proposed amended complaint describes isolated incidents of discriminatory conduct by two co-employees, and not conduct so severe or pervasive that it created an objectively hostile or abusive work environment. Bush v. Mapes, Inc., No. 4:16CV3136, 2016 WL 4742243, at *3 (D. Neb. Sept. 12, 2016) (Kopf, J.) (holding Plaintiff's

11

complaint failed to state a claim for a claim for hostile work environment based on race: "Even if co-workers made demeaning comments and were unfriendly toward Plaintiff because of his race, it has not been shown that their actions affected a term, condition, or privilege of Plaintiff's employment"). See also Agnew v. Brennan, No. 4:17CV267 CDP, 2017 WL 1684736, at *3 (E.D. Mo. May 3, 2017); Seabrook v. Indep. Sch. Dist. #535, No. CV 16-2245(DSD/BRT), 2017 WL 685102, at *7 (D. Minn. Feb. 21, 2017). Plaintiff has failed to sufficiently allege a hostile work environment claim in violation of 42 U.S.C. § 1981.

Accordingly,

IT IS RECOMMENDED to the Honorable Brian C. Buescher, United States District Judge, pursuant to 28 U.S.C. § 636(b), that Plaintiff's motion to amend be granted in part and denied in part. Plaintiff has sufficiently alleged Title VII claims in Counts 1 and 2, but amending the complaint to add Plaintiff's proposed hostile work environment claims under 42 U.S.C. § 1981 (Count 3) should be denied as futile.

The parties are notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

Dated this 20th day of December, 2023.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge
