IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DERRELL K. JORDAN,<br><br>               Plaintiff,<br><br>vs.<br><br>OMAHA PUBLIC POWER DISTRICT, a Political Subdivision of the State of Nebraska, and APTIM GOVERNMENT SOLUTIONS, LLC,<br><br>               Defendants. | 8:23CV133<br><br>MEMORANDUM AND ORDER ACCEPTING IN PART AND DENYING IN PART FINDINGS AND RECOMMENDATION REGARDING MOTION TO AMEND |

This case is before the Court on the December 20, 2023, Findings and Recommendation, Filing 33, by United States Magistrate Judge Cheryl R. Zwart recommending that plaintiff Jordan's Motion to Amend, Filing 27, be granted in part and denied in part. Jordan's claims against defendant OPPD were previously dismissed due to his failure to allege facts that could show an employment relationship with OPPD existed. Filing 21. Jordan then moved to amend his Complaint by adding additional facts and claims for discrimination, harassment, and retaliation under Title VII, the Nebraska Fair Employment Practices Act (NFEPA), and 42 U.S.C. § 1981. Judge Zwart found that Jordan "sufficiently alleged Title VII claims in Counts 1 and 2 [discrimination/harassment in violation of Title VII and NFEPA], but amending the complaint to add Plaintiff's proposed hostile work environment claims under 42 U.S.C. § 1981 (Count 3) should be denied as futile." Filing 33 at 12. OPPD filed an Objection, contending that Jordan's Motion to Amend Counts I and II should also be denied as futile. Filing 34. For the reasons stated below, the Court sustains OPPD's Objection and denies Jordan's Motion to Amend as to Counts I, II, and III.

1

## I. Introduction

### A. Factual Background

Because OPPD challenges Jordan's proposed amendments on futility grounds, the Court must examine whether the proposed Amended Complaint could state a plausible claim for relief. Accordingly, the Court considers the following nonconclusory allegations as true for the purposes of ruling on this motion. See *Bauer v. AGA Serv. Co.*, 25 F.4th 587, 589 (8th Cir. 2022) (quoting *Pietoso, Inc. v. Republic Servs., Inc.*, 4 F.4th 620, 622 (8th Cir. 2021)).

Plaintiff Jordan is an African-American male who resides in Omaha, Nebraska. Filing 27-1 at 1 (¶ 1). "[B]eginning on or about August 1, 2021," Jordan began "to serve as an operating engineer journeyman in a position performing work for OPPD and [as] a contractor engaged by OPPD to oversee demolition work at the Fort Calhoun station." Filing 27-1 at 2 (¶ 4). Defendant OPPD, "Political Subdivision of the State of Nebraska, is a public electric utility company in the State of Nebraska formed as a political subdivision as defined by and under the laws of the State of Nebraska." Filing 27-1 at 1 (¶ 2). Jordan's job was to operate cranes at "the Fort Calhoun station." Filing 27-1 at 2 (¶ 5). OPPD allegedly participated in meetings during which work was assigned, set safety requirements, tracked hours, called Jordan into work on his days off, and supplied equipment and machinery. Filing 27-1 at 2 (¶ 5). OPPD did not issue Jordan's paychecks. Filing 27-1 at 2 (¶ 5).

While at the site, Jordan alleges he was subject to racial abuse,[1] which he reported to his supervisors. Filing 1 at 2 (¶ 5). Jordan alleges that after he complained about discrimination, "Defendants subjected Plaintiff [to] unfavorable work conditions." Filing 1 at 3 (¶ 7). Jordan further alleges that he "was ignored and excluded from other employees" and that he "was passed

---

[1] The racial abuse suffered by Jordan is specifically outlined in his Amended Complaint. Filing 27-1 at 2–3 (¶ 6).

over for a foreman position in favor a Caucasian employee who had less credentials and experience than Plaintiff." Filing 1 at 3 (¶ 7). Jordan alleges that on May 18, 2022, he was no longer permitted to operate the cranes and that "OPPD made the decision to remove Plaintiff from the Fort Calhoun station and revoked Plaintiffs site access, as it did not have other work for Plaintiff to perform." Filing 1 at 3 (¶ 8).

### B. Procedural Background

On October 3, 2022, Jordan filed charges of racial discrimination and retaliation with the EEOC and the Nebraska Equal Opportunity Commission. Filing 1 at 3 (¶ 9). Jordan alleges that both Commissions issued him Right to Sue letters. Filing 1 at 3 (¶ 9). On April 5, 2023, Jordan filed a Complaint with the Court alleging violations of Title VII and NFEPA due to racial discrimination and retaliation, seeking several forms of monetary relief, including punitive damages. Filing 1 at 3 (¶¶ 9–10). On May 25, 2023, Aptim Government Solutions, LLC, another named defendant, filed an answer to Jordan's Complaint. Filing 6. On June 22, 2023, OPPD filed a Rule 12(b)(6) Motion to Dismiss seeking dismissal of Jordan's claims against OPPD. Filing 12. The Court dismissed Jordan's claims against OPPD on October 24, 2023. Filing 21.

Jordan moved to amend his Complaint on November 9, 2023. Filing 27. The proposed Amended Complaint contains five Counts. Filing 27-1. The first three counts allege hostile work environment in violation of Title VII, NFEPA, and 42 U.S.C. 1981, respectively, and the final two counts allege unlawful retaliation in violation of Title VII and NFEPA, respectively. On December 20, 2023, Magistrate Judge Zwart made her Findings and Recommendation that the Motion to Amend be granted in part and denied in part. Filing 33. Judge Zwart recommended that the Motion be denied only as to Count III, the hostile work environment claim under § 1981. Filing 33 at 12.

On January 3, 2024, OPPD filed an Objection to the Findings and Recommendations. Filing 34. In its Objection, OPPD stated that it "concurs with the Magistrate's Procedural

3

Background Summary as set forth in the Findings and Recommendation." Filing 35 at 1 n.1. OPPD objected insofar as Judge Zwart failed to recommend denying the Motion to Amend as to Counts I and II, the hostile work environment claims under Title VII and NFEPA. Filing 34 at 1. Presently before the Court is the Motion to Amend, the Findings and Recommendation, and the Objection.

## II. Analysis

### A. Applicable Standards

#### 1. *De Novo Review of Objections to Findings and Recommendations*

28 U.S.C. § 636(b)(1) governs the standard of review when a party objects to a proposed findings of fact and recommendation by a magistrate judge. *See* 28 U.S.C. § 636(b)(1). When a party objects to a magistrate judge's proposed findings and recommendations, "[a] judge of the court shall make a de novo determination of those portions . . . to which objection is made." *Id.*; *accord* United States v. Azure, 539 F.3d 904, 909 (8th Cir. 2008) ("[U]pon an objection to a magistrate judge's proposed findings and recommendations . . . a district court must undertake de novo review."). The reviewing district court judge is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If desired, a reviewing district court judge may "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

Under *de novo* review, a reviewing court "makes its own determinations of disputed issues and does not decide whether the magistrate[] [judge's] proposed findings are clearly erroneous." Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989). *De novo* review is non-deferential and requires an independent review of the matter. *See* Salve Regina Coll. v. Russell, 499 U.S. 225, 238 (1991) ("When de novo review is compelled, no form of appellate deference is acceptable."); United States v. Backer, 362 F.3d 504, 508 (8th Cir. 2004) ("'De novo' is a Latin term literally

meaning 'as new.' Our review is independent and not premised on the district court's appropriate use of its discretion. We are concerned only with the proper application of the law . . . .").

2. *Leave to Amend*

Rule 15(a) provides that, when a party seeks to amend its pleading not as of right, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "A district court may deny leave to amend 'if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment.'" *Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 922 (8th Cir. 2013) (quoting *Sherman*, 532 F.3d at 715). Regarding post-dismissal motions to amend, the Eighth Circuit has stated,

> "When a party moves to amend a complaint after dismissal, a more restrictive standard reflecting interests of finality applies." *Streambend Props. II, LLC v. Ivy Tower Minneapolis, LLC*, 781 F.3d 1003, 1010 (8th Cir. 2015). "Leave to amend will be granted if it is consistent with the stringent standards governing the grant of Rule 59(e) and Rule 60(b) relief." *United States v. Mask of Ka-Nefer-Nefer*, 752 F.3d 737, 743 (8th Cir. 2014).

*UMB Bank, N.A. v. Guerin*, 89 F.4th 1047, 1057 (8th Cir. 2024).

"When the court denies leave on the basis of futility, it means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Hintz v. JPMorgan Chase Bank, N.A.*, 686 F.3d 505, 511 (8th Cir. 2012) (cleaned up) (citations omitted). The typical grounds for Rule 12(b)(6) motions are the insufficiency of the factual allegations offered to state claims. To state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Nevertheless, "'threadbare recitals of the elements of a cause of action' cannot survive a [Rule 12(b)(6)] motion to dismiss." *Du Bois v. Bd. of Regents*

5

*of Univ. of Minnesota*, 987 F.3d 1199, 1205 (8th Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Instead, as the Eighth Circuit Court of Appeals has explained, "A claim survives a Rule 12(b)(6) motion to dismiss only if the complaint's nonconclusory allegations, accepted as true, make it not just 'conceivable' but 'plausible' that the defendant is liable." *Mitchell v. Kirchmeier*, 28 F.4th 888, 895 (8th Cir. 2022) (quoting *Iqbal*, 556 U.S. at 680-83). To put it another way, a court "must determine whether a plaintiff's complaint 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Far E. Aluminium Works Co. v. Viracon, Inc.*, 27 F.4th 1361, 1364 (8th Cir. 2022) (quoting *Braden v. WalMart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)). Thus, "[a] claim is plausible when 'the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Christopherson v. Bushner,* 33 F.4th 495, 499 (8th Cir. 2022) (quoting *Iqbal*, 556 U.S. at 678). In contrast, "'[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility." *Id.* (internal quotation marks and citations omitted). The Eighth Circuit Court of Appeals has cautioned that "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden*, 588 F.3d at 594.

In ruling on a Rule 12(b)(6) motion, a court must "accept 'the facts alleged in the complaint as true and draw[ ] all reasonable inferences in favor of the nonmovant.'" *Bauer v. AGA Serv. Co.*, 25 F.4th 587, 589 (8th Cir. 2022) (quoting *Pietoso, Inc. v. Republic Servs., Inc.*, 4 F.4th 620, 622 (8th Cir. 2021)). On the other hand, "[m]ere conclusory statements and factual allegations lacking enough specificity to raise a right to relief above the speculative level are insufficient to support a reasonable inference that the defendant is liable." *Richardson v. BNSF Ry. Co.*, 2 F.4th 1063, 1068 (8th Cir. 2021) (internal quotation marks and citations omitted). A court also need not accept a

6

pleader's "legal conclusions drawn from the facts." *Knowles v. TD Ameritrade Holding Corp.*, 2 F.4th 751, 755 (8th Cir. 2021).

Rule 12(b)(6) also permits dismissal when a claim is not cognizable under applicable law. See, e.g., *Couzens v. Donohue*, 854 F.3d 508, 517 (8th Cir. 2017) (dismissal was appropriate where Missouri did not recognize a claim for false light invasion of privacy); *Thomas v. Bd. of Regents of Univ. of Nebraska*, No. 4:20CV3081, 2022 WL 1491102, at *18 (D. Neb. May 11, 2022) (agreeing with defendant that the plaintiffs had failed to state a claim, because a disparate-impact claim is not cognizable under the Equal Protection Clause); *Freeney v. Galvin*, No. 8:19CV557, 2020 WL 229996, at *2 (D. Neb. Jan. 15, 2020) (finding the plaintiff failed to state a § 1983 claim against the manager of his private place of employment because such a claim is not cognizable where a private person is not a state actor or engaged in joint action with the state or its agents). In such cases, the plaintiff failed to state a claim that was legally cognizable as opposed to factually plausible.

### B. Preliminary Matter

Judge Zwart found that "OPPD's Brief [opposing Jordan's Motion to Amend, Filing 31] does not appear to challenge the sufficiency of Plaintiff's proposed hostile work environment claim under Title VII and NFEPA." Filing 33 at 9 n.2. OPPD objects to this finding, stating,

> OPPD's objection to the filing of the Amended Complaint opposed all race discrimination allegations under Title VII and NFEPA, as well as the additional new claims under 42 U.S.C. § 1981. Such objections necessarily included the harassment claims, as OPPD continued to assert there were insufficient allegations to establish it was an employer. Since § 1981 does not require an employment relationship, the discussion regarding insufficiency of allegations to establish a hostile environment claim was more extensive, but equally applied to Plaintiff's Title VII and NFEPA harassment claims.

Filing 35 at 2 (record citation omitted). The Court agrees with Judge Zwart that OPPD did not squarely challenge the hostile work environment claims under Title VII and NFEPA. OPPD did

7

not cite any part of its brief to support its contention. *See* Filing 35 at 2. The best OPPD can muster is its recognition that Title VII and § 1981 harassment claims use the same standard, Filing 35 at 3, in a section of its Brief captioned, "The Allegations of § 1981 Racial Harassment are Legally Insufficient to Establish a Claim for Hostile Work Environment." Filing 31 at 8. However, OPPD's argument, although belated, that "[s]ince Count III of the Amended Complaint, which only pertains to hostile work environment under 42 U.S.C. § 1981, was dismissed by the court as futile, the claims for hostile work environment and/or harassment under both Title VII and NFEPA contained in Counts I and II should be dismissed as well" is correct. Filing 35 at 2. It appears that OPPD expected the Court to dismiss the Title VII and NFEPA claims on the grounds that it originally granted OPPD's Motion to Dismiss, due to lack of an alleged employment relationship, which may explain why OPPD singled out § 1981 (which does not require an employment relationship) hostile work environment claims. Therefore, the Court will consider whether Jordan's hostile work environment claims under Title VII and NFEPA are futile.

Moreover, as discussed in further detail below, Judge Zwart's conclusion that "Plaintiff has sufficiently alleged Title VII claims in Counts 1 and 2" is inconsistent with the proposed Amended Complaint and with Judge Zwart's findings. First, Count II is a claim under NFEPA, not Title VII. Second, Judge Zwart found that Jordan "failed to sufficiently allege a hostile work environment claim in violation of 42 U.S.C. § 1981," Filing 33 at 12, and that "the same analysis to claims of discrimination under Title VII and 42 U.S.C. § 1981," Filing 33 at 9 n.2. Therefore, if Jordan failed to allege hostile work environment under § 1981, he necessarily failed to allege it under Title VII and NFEPA. In other words, by finding Count III futile, Judge Zwart necessarily found that Counts I and II are also futile. Because the Court conducts *de novo* review of these

8

claims, the Court will consider the applicability of Judge Zwart's finding of futility to Jordan's Title VII and NFEPA harassment claims.

### C. Jordan Failed to State a Hostile Work Environment Claim

*1.    Judge Zwart's Findings*

Judge Zwart acknowledged that Counts I, II, and III of Jordan's proposed Amended Complaint assert violations of Title VII, NFEPA, and 42 U.S.C. § 1981, respectively, for hostile work environment claims. Filing 33 at 8 n.2 ("From my reading, Plaintiff's proposed amended complaint also alleges a hostile work environment in violation of Title VII and NFEPA."). Judge Zwart further acknowledged that "the same analysis [applies] to claims of discrimination under Title VII and 42 U.S.C. § 1981." Filing 33 at 9 n.2. Applying this analysis, Judge Zwart found that allowing Jordan to amend his Complaint to add Count III, a hostile work environment claim under § 1981, would be futile. Filing 33 at 12. However, Judge Zwart also found that "OPPD's brief does not appear to challenge the sufficiency of Plaintiff's proposed hostile work environment claim under Title VII and NFEPA." As discussed above, the Court will also decide *de novo* whether Jordan's hostile environment claims under Title VII and NFEPA would be futile.

Judge Zwart noted Jordan's allegation that "Plaintiffs supervisors knew or should have known about the harassment, having been informed about the harassment, they participated in and/or encouraged the harassment or ignored the harassment after Plaintiffs complaints," Filing 27-1 at 3–4 (¶ 11), and found that this allegation "sufficiently alleges OPPD had actual or constructive notice of the alleged harassing conduct and failed to adequately address it." Filing 33 at 10. Despite this, Judge Zwart found that the "proposed amended complaint describes isolated incidents of discriminatory conduct by two co-employees, and not conduct so severe or pervasive that it created an objectively hostile or abusive work environment." Filing 33 at 11. Accordingly,

9

Judge Zwart concluded, "Plaintiff has failed to sufficiently allege a hostile work environment claim in violation of 42 U.S.C. § 1981." Filing 33 at 12.

    2.    *Hostile Work Environment Standards*

"To establish a prima facie case for hostile work environment, a plaintiff must show: (1) [ ]he belongs to a protected group; (2) [ ]he was subject to unwelcome harassment; (3) a casual nexus exists between the harassment and the protected group status; (4) the harassment affected a term, condition, or privilege of employment; and (5) [his] employer knew or should have known of the harassment and failed to take proper action." *Warmington v. Bd. of Regents of Univ. of Minnesota*, 998 F.3d 789, 799 (8th Cir. 2021) (citation and quotations omitted). "At the pleading phase, the court must determine whether the alleged harassment is 'severe or pervasive enough to create an objectively hostile or abusive work environment and the victim must subjectively believe h[is] working conditions have been altered.'" *Id.* (quoting *Blomker*, 831 F.3d at 1056). The Eighth Circuit explained the "high threshold for a . . . harassment claim based on hostile work environment," as follows:

> To determine whether a complaint alleges an objectively hostile work environment, the court looks at the "totality of the circumstances." The court may consider circumstances such as the "frequency and severity of the discriminatory conduct," whether the conduct was "physically threatening or humiliating, as opposed to a mere offensive utterance," and whether the "conduct unreasonably interfered with the employee's work performance." A hostile work environment claim must allege more "than a few isolated incidents." The alleged harassment "must be so intimidating, offensive, or hostile that it poisoned the work environment."
>
> The Supreme Court has "cautioned courts to be alert for workplace behavior that does not rise to the level of actionable harassment." The "standards for a hostile environment are demanding, and conduct must be extreme and not merely rude or unpleasant to affect the terms and conditions of employment." Courts must "filter out complaints attacking the ordinary tribulations of the workplace, such as the sporadic use of abusive language, gender-related jokes, and occasional teasing." Even "vile or inappropriate" behavior may be insufficient to rise to the level of an actionable hostile work environment claim.

*Warmington*, 998 F.3d at 799 (citations omitted).

10

*3. Application*

The Court agrees with Judge Zwart that Jordan's hostile work environment claim would be futile. His allegations under proposed Counts I, II, and III are very similar. For example, Jordan's hostile work environment claim under Title VII—the most detailed of the three—stated the following:

> 11. Violation. Plaintiff was subjected to unwelcome, offensive conduct from his co-workers and supervisors employed by the Defendants, thereby creating a hostile and harassing environment, as Plaintiffs supervisors knew or should have known about the harassment, having been informed about the harassment, they participated in and/or encouraged the harassment or ignored the harassment after Plaintiffs complaints.
>
> 12. Such conduct was based on Plaintiff's race or color.
>
> 13. The conduct was severe or pervasive.
>
> 14. The hostile environment affected a term, condition, or privilege of Plaintiffs employment. As a result of Defendants' acts and/or omissions, Plaintiff has in the past and will in the future suffer damages, including, but not limited to, mental and emotional distress, fear, anguish, humiliation, embarrassment, loss of enjoyment of life, loss of wages, benefits, future earnings, and other emoluments of employment.

Filing 27-1 at 3–4 (¶¶ 11–14). The facts underlying the hostile work environment claims appear to be "instances of racial abuse and 'jokes.'" Filing 27-1 at 2 (¶ 6). These "jokes" were without question insensitive, offensive, and inappropriate. Filing 27-1 at 2 (¶ 6).

Applying the above considerations, the Court concludes that Jordan has not alleged facts sufficient to "create an objectively hostile or abusive work environment [where] the victim must subjectively believe [his] working conditions have been altered." *Warmington*, 998 F.3d at 799. The Court concludes that the law requires more than the alleged incidents to properly state a claim for hostile work environment. Regarding the "frequency . . . of the discriminatory conduct," Jordan only alleged three instances. Filing 27-1 at 2 (¶ 6); *cf. Warmington*, 998 F.3d at 799 ("A hostile work environment claim must allege more 'than a few isolated incidents.'" (internal citation

11

omitted)). Regarding the "severity of the discriminatory conduct," these alleged instances cannot be understood to constitute "physically threatening" conduct. *Warmington*, 998 F.3d at 799. Considering the "totality of the circumstances," the Court concludes that Jordan cannot meet the "demanding" "standards for a hostile environment" because he has not alleged any conduct that is sufficiently "extreme." *Id.* Accordingly, allowing Jordan to amend his Complaint by adding hostile work environment claims would be futile.

In addition, Judge Zwart found Jordan's allegation that "Plaintiff's supervisors knew or should have known about the harassment, having been informed about the harassment, they participated in and/or encouraged the harassment or ignored the harassment after Plaintiff['s] complaints" satisfied the requirement that Jordan show "[his] employer knew or should have known of the harassment." *Warmington*, 998 F.3d at 799. The Court disagrees because Jordan did not allege any facts that could show this. *See generally* Filing 27-1. In fact, as OPPD notes, "Plaintiff fails to allege that the individuals who made the racially insensitive comments were even OPPD employees." Filing 31 at 9. Jordan cannot save his claim with a single, unsupported conclusory allegation. *See Richardson*, 2 F.4th at 1068.

### D. Jordan May Amend His Complaint to Add His Proposed Retaliation Claims

Judge Zwart did not make any findings or recommendation specifically related to Counts IV and V of Jordan's proposed Amended Complaint. *See generally* Filing 33. These Counts are for retaliation under Title VII and NFEPA, Filing 27-1 at 5–6 (¶¶ 28–35), and were included in the original Complaint. Filing 1 at 2 (¶ 8). In addition, neither OPPD nor Jordan discuss the retaliation claims in their briefs related to the Motion to Amend or to OPPD's Objections to Judge Zwart's Findings and Recommendation. *See generally* Filing 28; Filing 31; Filing 32; Filing 35; Filing 36. In its Objection, OPPD seeks "an Order denying Plaintiff's Motion to Amend the Complaint

(Filing No. 27) as futile, as it relates to Plaintiff's harassment and hostile work environment claims in violation of Title VII, NFEPA, and 42 U.S.C. § 1981"—Counts I, II, and III—without mentioning the retaliation claims—Counts IV and V. Filing 34 at 2 (¶ 2). Because OPPD never challenged the sufficiency of the pleading of the retaliation claims, Jordan's Motion to Amend is granted insofar as it relates to his retaliation claims.

### E. Summary

Thus, the only area of disagreement between the Court and Judge Zwart's Findings and Recommendation is whether to rule on Jordan's hostile work environment claims under Title VII and NFEPA. Although Judge Zwart found that OPPD did not make these challenges, the Court considers them *de novo* regardless. Therefore, the Court sustains OPPD's Objection and holds that Jordan has failed to state a hostile work environment claim under Title VII (Count I) or NFEPA (Count II) as well as § 1981 (Count III). The Court denies Jordan's Motion to Amend insofar as these proposed amendments relate to hostile work environment claims because amendment would be futile. However, because OPPD did not oppose the Motion to Amend as it relates to the proposed retaliation claims, the Court will allow Jordan to make those amendments.

### III. CONCLUSION

OPPD's Objection to Judge Zwart's Findings and Recommendation is sustained. Jordan's Motion to Amend is denied as to proposed Counts I, II, and III, his hostile work environment claims under § 1981, Title VII, or NFEPA because adding those claims would be futile. However, Jordan's Motion to Amend is granted as to proposed Counts IV and V, his retaliation claims under Title VII and NFEPA. Accordingly,

IT IS ORDERED that

1. The December 20, 2023, Findings and Recommendation by United States Magistrate Judge Cheryl R. Zwart, Filing 33, is accepted in part and denied in part;

2. OPPD's Objection, Filing 34, is sustained; and

3. Plaintiff's Motion to Amend, Filing 27, is granted in part and denied in part as set out above.

Dated this 21st day of February, 2024.

BY THE COURT:

_____

Brian C. Buescher
United States District Judge